**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.** **Case No. 8:25-cr-337-MSS-CPT**

**ALEXANDER TOLON,**
**Defendant.**

## MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel, pursuant to Local Rule 2.02(c), moves to withdraw as counsel for Defendant, Alexander Tolon, and as grounds states the following:

On August 12, 2025, the Court appointed the Office of the Federal Public Defender to represent Mr. Tolon. Doc. 23. Mr. Tolon is charged in an indictment with one count of conspiracy to distribute fentanyl resulting in death (in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C)) and one count of distribution of fentanyl resulting in death (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 2). Doc. 1. Mr. Tolon made his initial appearance and was arraigned on August 12, 2025, and he is in custody. Doc. 23. The trial in this case is set for the December 2026 trial term, which commences December 7, 2026, with a more precise trial date to follow. Doc. 51.

On August 21, 2026, while reviewing discovery and preparing for trial in another case, defense counsel found exculpatory information in the discovery the government previously produced in that case. Defense counsel then discussed this information with an investigator and a consulting expert, who each advised that highly relevant and related exculpatory information existed in this case. The other case involves another current client of the Office of the Federal Public Defender. The investigator and consulting expert were aware of the information in both cases because they were actively working on both cases. The information in this case is the confidential work product of the consulting expert and has not been disclosed to the government. Defense counsel was not aware of the information in this case until the investigator and consulting expert spoke with defense counsel about it.

Undersigned counsel, a member of the Florida Bar, is ethically precluded from representing Mr. Tolon by the Rules Regulating the Florida Bar. Rule 4-1.7 states, "a lawyer must not represent a client" if "there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." The comments to Rule 4-1.7 emphasize that loyalty is an essential element in a lawyer's representation of a client. The comments also recognize that this duty of loyalty prohibits representation of a client that is directly adverse to another client's interests. Loyalty to a client

is also impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests.

According to Rule 4-1.9 of the Rules Regulating the Florida Bar, Mr. Tolon is entitled to an attorney who is free from conflicts of interest from the representation of current clients of the Office of the Federal Public Defender. Additionally, Rule 4-1.6 imposes a duty of confidentiality on counsel in the representation of a client. "A lawyer must not reveal information relating to representation of a client . . . unless the client gives informed consent." The interests of Mr. Tolon and the Office of the Federal Public Defender's other current client are materially adverse to each other, and consent to continued representation is neither practicable nor prudent. Additionally, it is not possible in this case to obtain informed consent from either Mr. Tolon or the other current client without improperly revealing confidential information about both cases to each client.

In the present case, defense counsel owes a duty of zealous representation, confidentiality, and loyalty to Mr. Tolon. Under Rule 4-1.10(a), all attorneys in a law firm (such as the Office of the Federal Public Defender) are treated as one. Therefore, defense counsel cannot fulfill his ethical obligations to either client without violating the ethical obligations owed to

both. A further conflict must be avoided by the appointment of new and independent counsel from outside the Office of the Federal Public Defender.

Defense counsel's direct supervisor, who is aware of the conflict, agrees the filing of this motion is appropriate. Additionally, on September 4, 2026, an attorney from the Federal Public Defender spoke with a representative from the Florida Bar about this potential conflict, and their advice was that withdrawal was required.

Defense counsel has notified Mr. Tolon of the conflict. It is expected that he will request that the Court appoint conflict-free counsel as soon as possible.

Dated this 9th day of September 2026.

Respectfully submitted,

Charles L. Pritchard, Jr.
Federal Public Defender

/s/ Ryan J. Maguire
Ryan J. Maguire
Florida Bar No. 117534
Assistant Federal Defender
400 N. Tampa St., Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Fax: (813) 228-2562
E-mail: ryan_maguire@fd.org

Attorney for Alexander Tolon

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Ryan J. Maguire
Assistant Federal Defender